NICHOLAS R. MAULE, )
)
Plaintiff, )
)
v. ) No.: 3:25-CV-497-TAV-DCP
)
ORNL FEDERAL CREDIT UNION, )
)
Defendant. )

## MEMORANDUM OPINION

This civil action is before the Court on defendant's motion to dismiss for failure to state a claim [Doc. 13]. This matter is fully briefed [Docs. 15, 18, 20, 28], and is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, defendant's motion to dismiss [Doc. 13] will be **GRANTED** and this case will be **DISMISSED**. Accordingly, plaintiff's motion for summary judgment [Doc. 9] and motion to file a supplemental affidavit in support of summary judgment [Doc. 10] and defendant's motion to strike the motion for summary judgment [Doc. 16] are **DENIED as moot**.

## I. Background

In his amended complaint, plaintiff states that "this action arises under the laws of the United States, specifically the Truth in Lending Act" [Doc. 8, p. 1]. Plaintiff alleges that on October 10, 2020, and again on December 6, 2023, he submitted consumer credit applications "that created negotiable instruments" [*Id.* at 2]. Plaintiff asserts that "[b]y accepting and extending credit, Defendant caused a security interest to attach . . . and assumed fiduciary obligations towards Plaintiff under T.C.A. § 47-3-307(a)(1), (2) &

(b)(1), including the duty to provide full, accurate, and non-misleading disclosures as required by the Truth in Lending Act" [*Id.* at 3].

Plaintiff claims that defendant "provided Plaintiff with the required disclosures, but such disclosures were misleading, contradictory or certain disclosures were omitted all together" [*Id.*]. For example, plaintiff alleges that there were "no disclosures that they would be opening an interest bearing bank account in my name to which the collateral security that I provided would generate the monthly amount of payments" [*Id.*]. Additionally, plaintiff contends that the "itemization of the amount financed was omitted all together" [*Id.* at 4]. And "the disclosures [sic] specifically says the cost of my credit in the Annual Percentage Rate box, then in the Finance Charge it says the dollar mount the credit will cost me" [*Id.*].

Plaintiff further alleges that he "tendered lawful instruments of payment" and defendant refused to "honor lawful tender under T.C.A. § 47-3-505(a)(1) and (2)" [*Id.* at 4–5].

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2) which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although this standard does not require 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 555 (2007)). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). However, the Court need not accept legal conclusions or unwarranted factual inferences as true. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Given plaintiff's *pro se* status, the Court notes that federal courts have a duty to "liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x

3

611, 612 (6th Cir. 2001). At the same time, however, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As such, courts have not typically "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. Analysis

### A. Truth in Lending Act

Defendant argues that plaintiff's claims under the Truth in Lending Act[1] are barred by the one-year statute of limitations [Doc. 15, pp. 5–6]. Specifically, the first note was executed on October 13, 2020, and the second note was executed on December 6, 2023 [*Id.* at 6]. But this action was not initiated until October 2025, and therefore, the Truth in Lending Act claims are time-barred [*Id.*].

Plaintiff responds that this argument is "premature and fails as a matter of equity" [Doc. 18, p. 2]. Plaintiff states that he "did not possess personal knowledge of the alleged violations at the time of the underlying transactions" and the violations "arise form misleading, concealed, or improperly presented disclosures, the nature and legal

---

[1] In his response, plaintiff states that "[w]hile [the Truth in Lending Act] and E-SIGN Act are implicated . . . the core claim before the Court is breach of fiduciary duty" [Doc. 18, p. 2]. However, given plaintiff's statement in the amended complaint that "this action arises under the laws of the United States, specifically the Truth in Lending Act," [Doc. 8, p. 1] the Court finds it appropriate to address whether plaintiff has stated a claim for relief under the Truth in Lending Act. On the other hand, to the extent plaintiff references a claim under the E-SIGN Act, the Court notes that the amended complaint makes no reference to such Act [*See* Doc. 8]. As a result, any such claim is not properly before the Court as it is not pled in the operative complaint. *See Tucker v. Brooks*, No. 19-12514, 2022 WL 2813037, at *2 (E.D. Mich. July 18, 2022) ("The Court cannot consider claims not asserted in the operative complaint.").

4

significance of which were not reasonably discoverable by Plaintiff until a later date, after careful review of the documents and applicable law" [*Id.* at 2–3]. Plaintiff thus contends that equitable tolling is warranted because he "could not reasonably have discovered the violations earlier despite due diligence" [*Id.* at 3].

Defendant replies that plaintiff does not allege any specific actions that it took that prevented plaintiff from filing a timely Truth in Lending Act claim [Doc. 20, p. 5]. Accordingly, defendant argues that the Court should find that plaintiff is not entitled to equitable tolling and the Truth in Lending Act claims are barred by the statute of limitations [*Id.* at 6].

The Truth in Lending Act has a one-year statute of limitations. 15 U.S.C. § 1640(e). Specifically, the statute states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." *Thielen v. GMAC Mortg. Corp.*, 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009) (quoting 15 U.S.C. § 1650(e)). "The statute begins to run on the date of the alleged violation, which occurs when a creditor fails to make TILA's required disclosures prior to the consummation of the transaction." *Girgis v. Countrywide Home Loans, Inc.*, 733 F. Supp. 2d 835, 844 (N.D. Ohio 2010). "In other words, the statute of limitations begins to run when lender and borrower contract for the extension of credit." *Id.* (internal quotation marks omitted).

Equitable tolling may be available in TILA cases "when inequitable circumstances prevent a plaintiff from suing before the statutory period runs." *Id.* (quoting *Mills v.*

*Equicredit Corp.*, 294 F. Supp. 2d 903, 908 (E.D. Mich. 2003)).  However, to establish that equitable tolling is appropriate "a plaintiff must show 'not only that he exercised due diligence to discover his cause of action prior to the running of the statute, but also that the Defendant was guilty of some affirmative act of fraudulent concealment which frustrated discovery notwithstanding such diligence.'" *Id.* (quoting *Hughes v. Cardinal Fed. Savings and Loan Ass'n*, 566 F. Supp. 834, 838 (S.D. Ohio 1983)).

There appears to be no dispute between the parties that this action was filed outside the Truth in Lending Act's one-year statute of limitations.  Plaintiff acknowledges that the two transactions at issue here occurred in October 2020, and December 2023, respectively [Doc. 8, p. 2].  And the original complaint in this case was filed on October 9, 2025 [Doc. 1], well outside the one-year period for either of these transactions.

Plaintiff seeks to avoid dismissal on this ground by claiming equitable tolling should apply [Doc. 18, pp. 2–3].  But plaintiff's allegations in his response do not establish either that he "exercised due diligence to discover his cause of action" prior to the expiration of the limitations period or that defendant committed "some affirmative act of fraudulent concealment which frustrated discovery" of the alleged violation.  *See Girgis*, 733 F. Supp. 2d at 844.  As to diligence, plaintiff simply states that the alleged violations were not discoverable "until a later date, after careful review of the documents and applicable law" [Doc. 18, pp. 2–3].  But plaintiff provides no explanation as to why he could not have carefully reviewed the documents and applicable law within the one-year limitations

period.[2]  Further, plaintiff's only assertions regarding affirmative acts by defendant is that the violations "arise from misleading, concealed, or improperly presented disclosures" [*Id.* at 2].  But that statement is no more than a reassertion of his underlying Truth in Lending Act claim,[3] and, further, does not provide sufficient detail as to any alleged act by defendant that frustrated discovery of the alleged violations within the limitations period.  Accordingly, the Court finds that plaintiff has not established that equitable tolling applies, and therefore, any claims under the Truth in Lending Act are barred by the applicable statute of limitations.

## B.  Breach of Fiduciary Duty

Defendant argues that, under Tennessee law, a debtor/creditor relationship does not constitute a fiduciary relationship [Doc. 15, p. 13].  Accordingly, defendant asserts that it did not owe plaintiff a fiduciary duty [*Id.* at 14].

Plaintiff does not address this argument in his response, other than to emphasize that

---

[2] In his summary judgment motion, plaintiff asserts that he "only discovered the disclosure problem recently" and asserts that the limitations period does not begin to run until the time of discovery [Doc. 9, p. 9].  As an initial matter, plaintiff does not provide sufficient detail about when he allegedly first discovered the purported disclosure violation, as "recently" does not provide sufficient detail to determine whether the discovery occurred within a year of the filing of the original complaint.  Regardless, plaintiff cites no case law in support of his claim that the statute of limitations does not begin to run until his discovery of the alleged violation.  To the contrary, the plain language of the Truth in Lending Act states that the one-year limitations period begins to run at the time of the alleged violation.  *See* 15 U.S.C. § 1650(e).

[3] Indeed, in his motion for summary judgment, plaintiff contends that "Defendant's failure to provide required disclosures conceals the violation.  A concealed violation cannot begin the statute of limitations clock" [Doc. 9, p. 9].  However, plaintiff cites no case law in support of such assertion.  And accepting such a premise would effectively nullify the Truth in Lending Act statute of limitations for any disclosure-based claims.

7

breach of fiduciary duty is his "core claim" [Doc. 18, p. 2].

Defendant replies that plaintiff must show a fiduciary duty exists before a breach can be asserted [Doc. 20, p. 2]. Under Tennessee law, there is no fiduciary duty between a lender and a customer absent special facts and circumstances [*Id.* at 3]. Tennessee has even codified this rule in Tennessee Code Annotated § 45-1-127(a)[4] [*Id.*]. Thus, under Tennessee law, defendant does not owe fiduciary duties to plaintiff, and therefore, there is no breach of fiduciary duty [*Id.*]. Moreover, federal courts routinely reject claims that the Truth in Lending Act confers any fiduciary duty to a lender-borrower relationship [*Id.* at 3–4].

"Tennessee law generally does not impose fiduciary or other special duties on banks with respect to their customers[.]" *First Tenn. Bank Nat'l Ass'n v. C.T. Resorts Co., Inc.*, No. 03A019503-CH-00102, 1995 WL 511884, at *5 (Tenn. Ct. App. Aug. 30, 1995). "Under Tennessee law, the debtor/creditor relationship does not constitute a fiduciary relationship." *Rogers v. The First Nat'l Bank*, No. M2004-02414-COA-R3-CV, 2006 WL 344759, at *9 (Tenn. Ct. App. Feb. 14, 2006) (internal quotation marks omitted); *see also Glazer v. First Am. Nat'l Bank*, 930 S.W.2d 546, 550 (Tenn. 1996) ("[U]nder Tennessee law the relationship of [defendant] and [plaintiff] was simply that of debtor/creditor; therefore, the bank had no fiduciary duty to him").

---

[4] That statute states: "No financial institution . . . shall be deemed or implied to be acting as fiduciary or have a fiduciary obligation or responsibility to its customers . . . unless there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary." Tenn. Code Ann. § 45-1-127(a).

8

Despite alleging that breach of fiduciary duty is the "core claim" in this case [Doc. 18, p. 2], plaintiff's amended complaint does not adequately allege that any fiduciary duty between the parties existed for a breach to occur. In the amended complaint, plaintiff alleges that "[b]y accepting the applications and extending credit, Defendant . . . assumed fiduciary obligations towards Plaintiff" [Doc. 8, p. 3]. In support, plaintiff cites Tennessee Code Annotated § 47-3-307(a)(1), (a)(2), (b)(1) [*Id.*]. But that statute does not support the creation of a fiduciary duty under the circumstances alleged. Subsection (a)(1) defines the term "fiduciary" as "an agent, trustee, partner, corporate officer or director, or other representative owing a fiduciary duty with respect to an instrument." Tenn. Code. Ann. § 47-3-307(a)(1). Subsection (a)(2) defines the term "represented person" as "the principal, beneficiary, partnership, corporation, or other person to whom the duty stated in paragraph (1) is owed." Tenn. Code Ann. § 47-3-307(a)(2). Subsection (b) states, in relevant part:

> If (i) an instrument is taken from a fiduciary for payment or collection or for value, (ii) the taker has knowledge of the fiduciary status of the fiduciary, and (iii) the represented person makes a claim to the instrument or its proceeds on the basis that the transaction of the fiduciary is a breach of fiduciary duty, the following rules apply:
>
> (1) Notice of breach of fiduciary duty by the fiduciary is notice of the claim of the represented person.

Tenn. Code Ann. § 47-3-307(b). It is unclear how this statute would apply under the facts pled, namely, that defendant accepted plaintiff's credit or loan application and extended credit [*See* Doc. 8, pp. 2–3]. Moreover, Tennessee law makes clear that a debtor/creditor relationship does not establish a fiduciary duty. *See Rogers*, 2006 WL 344759, at *9.

9

Accordingly, the Court finds that plaintiff has not stated a plausible claim for breach of fiduciary duty, as he has no pled facts adequate to establish that any such fiduciary duty existed.

## VI.   Conclusion

For the reasons set forth above, defendant's motion to dismiss [Doc. 13] will be **GRANTED** and this case will be **DISMISSED**.  Accordingly, plaintiff's motion for summary judgment [Doc. 9] and motion to file a supplemental affidavit in support of summary judgment [Doc. 10] and defendant's motion to strike the motion for summary judgment [Doc. 16] are **DENIED as moot**.  An appropriate Order shall enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE